IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

PAULA WILLIAMS,

    Plaintiff,

v.                                                                        No.     3:11-cv-00138-DPM

SUNTRUST BANK
and BRIAN LAMB,

    Defendants.

CONSENT PROTECTIVE ORDER

Upon application to the Court by all parties and for good cause shown, the Court finds that preparation and trial of this action may require the discovery of certain confidential or proprietary information, and therefore finds, and the parties stipulate, as follows:

1. The parties desire to litigate this action without jeopardizing their business and commercial interests and the public's interest in the confidentiality of this information, and therefore enter into this Confidentiality Order to protect against unauthorized disclosure of such information, and to ensure that such information will be used solely in the preparation for hearings and/or trial of this action.

2. Any party may designate as "Confidential" any documents and information, which that party reasonably believes is of a sensitive nature that could cause competitive harm if disclosed.

3. The information and documents that a party wishes to designate as "Confidential" shall be designated by:

(a) imprinting in a manner that does not impair legibility the words "Confidential" on every page of a document being produced;

(b) advising the court reporter that certain deposition testimony is Confidential and is to be separately transcribed and marked accordingly;

(c) advising the other party in writing within thirty (30) days after receipt of a deposition transcript that certain portions (identified by page and line numbers) are Confidential; or

(d) specifically identifying the information or documents in writing delivered to opposing counsel.

4. Pending designation pursuant to Section 6(c) above, but not for longer than the thirty (30) day period, the entire transcript of a deposition shall be treated as "Confidential" unless otherwise agreed in writing by the parties.

5. Any party believing material designated as "Confidential" by a producing party is not of a sensitive nature, could not reasonably cause competitive harm, or is otherwise not entitled to such designation may advise the producing party of that belief in writing, provide a brief statement of the basis for that belief, and allow five (5) days for the producing party to respond. If the producing party does not modify its designation of the materials, any party may bring a motion challenging the designation. The provisions of this Order shall continue to apply unless modified by the Court upon such a motion to any party.

6. The mere fact that a party accepts a designation of material or testimony as "Confidential" by the other party and abides by the terms of this Confidentiality Order does not constitute an admission that the information is in fact confidential. The mere designation of

information as "Confidential" for purposes of this Confidentiality Order shall have no evidentiary significance.

7. Materials designated "Confidential" and the content of such materials shall not be disclosed to or made accessible to any person except as specifically permitted by this Order or specifically otherwise agreed in writing by the producing party. Materials designated "Confidential" shall be used solely in the preparation of this action, and shall not be used at any time for any other purpose whatsoever, except as specifically otherwise agreed in writing by the producing party.

8. Confidential information may be disclosed only to:

   (a) The parties;

   (b) Counsel of record for the parties, and attorneys, clerks, legal assistants, and support staff in their firms or departments, including in-house legal personnel for the parties or their parent corporations; provided, however, that disclosure to a party's in-house legal personnel shall be limited to those individuals who have responsibility for this litigation and who are not directly involved in the party's sales or marketing;

   (c) Outside copying services and other vendors retained by counsel to assist in the copying, imaging, handling or computerization of documents;

   (d) Officers, managerial, executive employees, and other employees of any party who have responsibilities for managing, monitoring, or assisting with this litigation;

   (e) The Court and its staff;

   (f) Consultants and experts retained to assist in this action;

   (g) Knowledgeable key witnesses.

ND 4822-3394-9450

9. Before making disclosure of Confidential Information, counsel shall obtain from the individuals who will receive the information an agreement in writing (in the form attached as Exhibit A) or a transcribed oral agreement under oath to be bound by this Confidentiality Order.

10. The parties shall attempt to agree on how the Confidentiality Order Information shall be handled during hearings or trial. If the parties cannot reach agreement, the court may take steps as it deems reasonably necessary to preserve the confidentiality of such information.

11. Within three years after such time as this action is concluded, whether by a final adjudication on the merits from which there is no right of appeal, or by other means, each party to whom "Confidential" materials has been produced shall, at the election of the receiving party either: (1) return all documents and copies containing "Confidential" materials (including but not limited to copies in the possession or control of any party, expert, key witness, or employee) to the party who produced them, or (2) promptly destroy all such materials, and shall provide written certification to the producing party that whatever procedure the receiving party elected was fully performed. In addition, thirty days after the conclusion of the action, any party receiving confidential materials shall recover those materials from any consultants or experts who received them.

12. This Confidentiality Order is without prejudice to any right of a party to make any lawful use of information lawfully obtained apart from the Federal Rules of Civil Procedure discovery process, and the fact that information obtained apart from the Court's discovery process was also produced as "Confidential" in this litigation shall have no effect on a party's right to make any lawful use of such information or there is some good faith basis for making an inquiry of regarding those issues of the witness.

13. Nothing in this Confidentiality Order shall be deemed to prevent the parties' attorneys or investigators as part of their discovery or investigation process in this matter from questioning, to the extent permitted by the Rules of Civil Procedure, if in deposition, people who might reasonably be expected to have knowledge or information about topics that are discussed in Confidential Information.

14. Nothing in this Order shall preclude any party from applying to the Court to modify that this Confidentiality Order to provide for additional safeguards to ensure the confidentiality of materials produced in this action, to avoid the overuse of the confidentiality designation, or to otherwise modify this Order for good cause shown.

It is so ORDERED.

*[signature]*
United States District Judge

DATE: 22 Dec. 2011

**PRESENTED BY:**

By:   /s/ Lucien Gillham
    Lucien Gillham
HARRILL & SUTTER, P.L.L.C.
310 West Conway Street
P. O. Box 2012
Benton, Arkansas 72018
Telephone: (501) 315-1910
Lucien.gillham@sbcglobal.net

Thomas Young
HALE, YOUNG, JACKSON & PARTLOW
66 Mound City Road
Marion, Arkansas 72364
Telephone: (870) 739-1888

Attorneys for Plaintiff

ND 4822-3394-9450

By: /s/ Amy Ferguson Dudek
   William L. Bomar (ARK BPR# 87199)
   Charles W. Hill (TN BPR# 5452)
   Amy Ferguson Dudek (TN BPR # 20750)
6000 Poplar Avenue, Suite 400
Memphis, Tennessee 38119
Telephone: (901) 525-1322
Facsimile: (901) 525-2389
bbomar@glankler.com
chill@glankler.com
adudek@glankler.com
Attorneys for Defendants

ND 4822-3394-9450

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| PAULA WILLIAMS, | PLAINTIFF |
| VS. | CASE NO. 3:11-cv-138DPM |
| SUNTRUST BANKS, INC. AND BRIAN LAMB. | DEFENDANTS |

AGREEMENT OF NON-DISCLOSURE

By signing this document, I hereby certify that I have read the Consent Protective Order entered by the Court in the above captioned case. I understand the purpose and meaning of the Consent Protective Order and that I am to receive information that is Confidential under the Consent Protective Order. I agree to abide by the contents of the Consent Protective Order by not disclosing documents, electronically stored information, or other information designated "Confidential" to anyone other than trial counsel for the parties.

Name:_____

Signature:_____

Date:_____

4843-7759-1310, v. 1